IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Nottingham, : 
        Petitioner : 
         : 
        v. :   No. 284 C.D. 2024
         : 
Brian Ulmer, Esquire (Office of Open :   Submitted: February 4, 2025
Records), : 
        Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: April 3, 2025

        James Nottingham (Requester), proceeding *pro se*, petitions for review of the February 26, 2024 Final Determination of the Office of Open Records (OOR). Therein, the OOR dismissed Requester's appeal from the deemed denial of his Right-to-Know Law (RTKL)[1] request (Request) submitted to Brian Ulmer, Esq. (Attorney Ulmer), who is Requester's court-appointed Post Conviction Relief Act (PCRA)[2] counsel. The OOR concluded that it was without jurisdiction to consider Requester's appeal because the recipient of the Request, Attorney Ulmer, was neither a "local agency" nor a "Commonwealth agency" under Section 102 of the RTKL, 65 P.S. § 67.102.

        Upon review, we affirm.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] 42 Pa.C.S. §§ 9541-9546.

## I.     BACKGROUND

On February 5, 2024, Requester submitted the Request via regular United States mail to "Brian W. Ulmer, Esquire" at 23 North Derr Drive, Suite 3, Lewisburg, PA 17837. At the time he submitted the Request, Requester was an inmate at the State Correctional Institution in Camp Hill, Pennsylvania. In the Request, Requester sought the following:

> RE:  CP-41-CR-0001225-1989  PLEASE  REMIT.  THE COMPLETE FILES, RECORDS, DOCUMENTS. etc. etc. to include the escrow account of all transactions in the above case.  Thank You  REQUESTER IS [in forma pauperis] STATUS.

(OOR Ex. 1, at 003) (capitalizations and punctuation in original). Attorney Ulmer did not respond to the Request, which was deemed denied. *See* Section 901 of the RTKL, 65 P.S. § 67.901 (request is deemed denied if the receiving party fails to send a response within five business days of receiving the request).

Requester appealed the denial to the OOR. In his appeal, Requester identified the agency involved as "BRIAN W. ULMER, ESQUIRE (Lycoming County Commissioners [O]ffice)[.]"  (OOR Ex. 1, at 002) (capitalizations in original). Requester attached to his appeal a lengthy handwritten factual summary in which he alleged that Attorney Ulmer engaged in a conspiracy with the Lycoming County Board of Commissioners (Board) regarding, in part, another RTKL request that Requester submitted to the Board seeking records related to his criminal cases. (OOR Ex. 1, at 005.)

The OOR issued its Final Determination on February 26, 2024. Therein, the OOR concluded that, because Attorney Ulmer was neither a "local agency" nor a "Commonwealth agency" as those terms are defined in Section 102 of the RTKL, 65 P.S. § 67.102, it lacked jurisdiction over the appeal, which it accordingly dismissed.

2

(OOR Ex. 2, at 002.) The OOR notified Requester that he could "petition for review to a court with competent jurisdiction" within 30 days. *Id.* (citing Sections 1301(a), 1302(a) of the RTKL, 65 P.S. §§ 67.1301(a), 67.1302(a)). Requester filed a petition for review in this Court on March 11, 2024, and an amended petition for review on April 1, 2024, the latter of which he titled a "Writ of Mandamus" and "Unsworn Affidavit of James E. Nottingham." (Amended Petition for Review (Amended Petition), at 1.) In his Amended Petition, Requester asks this Court to direct Attorney Ulmer to produce the requested records. *Id.* at 2.

## II.   DISCUSSION[3]

From what we can decipher from Requester's Amended Petition and brief, he ultimately seeks to lodge several challenges to his criminal convictions and alleges a conspiracy among the Williamsport Police Department, Lycoming County officials, and Attorney Ulmer to violate his constitutional rights.[4] (Requester's Br., at 009A-9E.) For relief here, he seeks an order from this Court directing disclosure of the records sought in the Request. In response, Attorney Ulmer argues that the OOR correctly dismissed Requester's appeal because the Request was not for records from

---

[3] Our review of OOR decisions concerning Commonwealth agencies is *de novo* and of the broadest scope. *Pennsylvania Office of the Governor v. Brelje*, 312 A.3d 928, 932 (Pa. Cmwlth. 2024) (citing, in part, Section 1301 of the RTKL, 65 P.S. § 67.1301). Although the courts of common pleas typically exercise such review with regard to OOR decisions concerning local agencies, *see* Section 1302 of the RTKL, 65 P.S. § 1302, here the OOR concluded, in part, that Attorney Ulmer was not a Commonwealth agency subject to the RTKL. We therefore will review its entire decision pursuant to our broad, *de novo* standard and scope of review.

[4] Requester attached to his brief a letter to him from Martin Wade, Esq. of the Lycoming County district attorney's office. In the letter, Attorney Wade, who also appears to serve as a RTKL appeals officer, analyzes Requester's other RTKL request to the Board seeking three categories of records related to his criminal cases in Lycoming County. The Board denied the request on various grounds and, on appeal, Attorney Wade concluded that two of the three categories of records were not disclosable under the RTKL. (Requester's Br., Ex. A, at 1-2 (unpaginated).)

3

any agency subject to the RTKL. (Respondent's Br., at 3-4.) He therefore urges that we affirm the OOR. *Id.*

The RTKL applies to, and establishes certain disclosure requirements regarding, records in the possession of Commonwealth, legislative, judicial, and local agencies as those terms are defined in Section 102 of the RTKL, 65 P.S. § 67.102. *See also* Sections 301 to 305 of the RTKL, 65 P.S. §§ 67.301-305 (establishing disclosure requirements and presumptions for each type of agency). Section 506(d)(1) of the RTKL further provides that, in certain circumstances, records in the possession of non-agency entities may be deemed to be in the possession of agencies if certain requirements are met. 65 P.S. § 67.506(d)(1) (a record in the possession of "a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the governmental function and is not exempt under this act, shall be considered a public record of the agency . . . .")

Pursuant to Section 503(a) of the RTKL, 65 P.S. § 67.503(a), the OOR considers appeals from decisions regarding RTKL requests submitted to Commonwealth and local agencies. "Commonwealth agency" is defined, in pertinent part, as "[a]ny office, department, authority, board, multistate agency or commission of the executive branch, an independent agency and a State-affiliated entity." 65 P.S. § 67.102. "Local agency" is defined as any "political subdivision, intermediate unit, charter school, cyber charter school, or public trade or vocational school," or any "local, intergovernmental, regional or municipal agency, authority, council, board, commission, or similar governmental entity." *Id.*

4

Requester here submitted the Request to Attorney Ulmer, whom the OOR concluded is neither a Commonwealth nor local agency subject to the RTKL.[5] We agree. It is undisputed in the record that, at the time Requester submitted the Request, Attorney Ulmer was his PCRA counsel. There are no facts establishing that Attorney Ulmer is either a Commonwealth or local agency subject to the disclosure requirements of the RTKL. There further are no facts establishing that he contracted with any Commonwealth or local agency to perform a government function. The OOR thus correctly determined that Attorney Ulmer was not subject to the RTKL's disclosure requirements, and we accordingly affirm its Final Determination.[6]

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] It is of no moment that Requester also named in parentheses the Lycoming County Commissioners' Office as a recipient of the Request. Requester undisputedly submitted the Request only to Attorney Ulmer at his private office, *see* OOR Ex. 1, at 003, Respondent's Br. at 5, and there is no evidence that Attorney Ulmer functions in any respect as an agent or representative of the Lycoming County Commissioners' Office.

[6] Although the OOR concluded that it was without "jurisdiction" over Requester's appeal, the OOR does have jurisdiction in the first instance to adjudicate whether a party (here, Attorney Ulmer) who receives a RTKL request is an agency subject to the RTKL's disclosure requirements. Thus, the more appropriate disposition would have been for the OOR to deny Requester's appeal because the Request sought documents from a party who is not an agency subject to the RTKL. *See, e.g.*, *In re: Right to Know Law Request Served on Venango County's Tourism Promotion Agency and Lead Economic Development Agency*, 83 A.3d 1101, 1103-04 (Pa. Cmwlth. 2014). Nevertheless, because the OOR's conclusions were correct, this minor discrepancy in verbiage does not alter our disposition.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Nottingham, : 
                Petitioner : 
                 : 
                 : 
          v. : No. 284 C.D. 2024
                 : 
Brian Ulmer, Esquire (Office of Open : 
Records), : 
                Respondent : 

## ***ORDER***

AND NOW, this 3rd day of April, 2025, for the reasons set forth in the foregoing memorandum opinion, it is ordered that the February 26, 2024 Final Determination of the Office of Open Records is hereby AFFIRMED.

_____

PATRICIA A. McCULLOUGH, Judge